IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRYL WALKER,
    Petitioner,

vs.                                                  Case No. 5:13cv200/RS/CJK

UNITED STATES, et al.,
    Respondents.

---

# REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) and supporting memorandum (doc. 2). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241, and that this action should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution in Marianna, Florida, is currently serving a sentence imposed by the United States District Court for the Eastern District of Arkansas in *United States v. Walker*, Case Number 4:04cr35 (hereinafter "Arkansas Case No. 4:04cr35"). (Doc. 1, p. 2).[1] In Arkansas Case No. 4:04cr35, petitioner was convicted, pursuant to his guilty plea, of

---

[1] All references to page numbers are to those printed on the petition form.

one count of Aiding and Abetting the Carrying and Use of a Firearm During a Drug Trafficking Conspiracy That Resulted in the Death of Another, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. §§ 1111 and 924. (Doc. 1, p. 2; *see also* Arkansas Case No. 4:04cr35, Judgment at Doc. 422). Petitioner was sentenced on November 19, 2007, to 288 months imprisonment followed by three years of supervised release. (*Id*.). Petitioner's judgment was affirmed on direct appeal on March 17, 2009. (Doc. 1, p. 2; *see also United States v. Walker*, 314 F. App'x 909 (8th Cir. 2009)). Petitioner has not collaterally attacked his sentence under 28 U.S.C. § 2255. (Doc. 1, p. 2; *see also* Docket of Arkansas Case No. 4:04cr35).

In this habeas action, petitioner challenges his 2007 criminal judgment on the following grounds (and in petitioner's words): (1) "The Comprehensive Crime Control Act is Unconstitutional on it's face and as applied in this Case pursuant to Public Law 98-437 never lawfully being enacted into Positive Law pursuant to the United States Constitution and therefore is null and void!"; (2) "With Lack of Standing there was no ratification of Commencement, therefore the case is void ab intio"; (3) "Ineffective Assistance of Counsel/Affirmative Misadvice"; (4) "Unknowingly and Involuntary Plea/Due Process Violation"; and (5) "18 U.S.C. § 3231 is Unconstitutional in it's face and as applied in this case, and the district Court was without jurisdiction to prosecute Petitioner and lacked Subject Matter Jurisdiction." (Doc. 1). As relief, petitioner seeks: "Dismissal of Indictment, Immediate Release of Petitioner from Incarceration by the F.B.O.P." (*Id*.).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Darby v. Hawk-Sawyer*,

405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[2] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby*, 405 F.3d at 944; *see also* 28 U.S.C. § 2255(a) (providing that a federal prisoner may file a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.").

Section 2255(e) bars a § 2241 petition if the prisoner failed to apply for, or was denied relief on, a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). The narrow exception to the § 2255(e) bar is called the "savings clause." *Gilbert v. United States*, 640 F.3d 1293, 1305-06 (11th Cir. 2011), *cert. denied*, — U.S. — , 132 S. Ct. 1001, 181 L. Ed.2 d 743 (2012). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). "The applicability of the savings clause is a threshold jurisdictional issue. . . ." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013).

The Eleventh Circuit has endorsed a three-part test that can be used to determine whether § 2255 is inadequate or ineffective to test the legality of a prisoner's detention under the savings clause. *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). The *Wofford* test requires a petitioner to show that: "(1) the claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244. A prisoner must satisfy all three prongs of this test before the *Wofford* threshold is met.

Although captioned as a § 2241 petition, petitioner is challenging the validity of his judgment, not the execution of his sentence. All of petitioner's claims are direct appeal or § 2255 claims that could have been raised in an earlier proceeding. Petitioner asserts that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention, because § 2255 contains procedural limitations that § 2241 does not, namely: (1) "the 'movant' [in a § 2255 proceeding] must be the one to 'show cause' and also to show 'cause and prejudice,' [w]here in a § 2241 petition the Petitioner only must state his claim and the respondent is then ordered or required to 'show cause why the Writ of habeas corpus should not be granted'", (doc. 1, pp. 3-1 through 3-2); (2) a certificate of appealability is required to appeal the denial of relief under § 2255, but a certificate of appealability is not required to appeal the denial of habeas corpus relief under § 2241, (*id*., pp. 3-3, 3-5); (3) a statute of limitations

applies to motions filed under § 2255, but no time limitation applies to habeas corpus petitions filed under § 2241, (*id.*, p. 3-3); (4) there is a limitation on filing second or successive motions under § 2255, but there is no limitation on filing second or successive habeas corpus petitions under § 2241, (*id.*, pp. 3-3 through 3-4) and (5) § 2255 does not require the court to hold an evidentiary hearing, whereas § 2241 requires the court to "proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments" (*id.*, pp. 3-6 through 3-7).

The existence of procedural limitations in § 2255 is not a basis to find that the § 2255 remedy is inadequate or ineffective to test the legality of petitioner's detention for purposes of the savings clause. *Gilbert*, 640 F.3d at 1308; *Antonelli*, 542 F.3d at 1351 ("[A] prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on . . . § 2255 motions by nominally bringing suit under § 2241." (*citing Darby*, 405 F.3d at 945)). Petitioner has not alleged that his claims are based on a retroactively applicable Supreme Court decision, that a Supreme Court decision established that he was convicted for a nonexistent offense, and that circuit law squarely foreclosed his claims at the time it otherwise should have been raised on direct appeal or in a § 2255 motion. *See Wofford*, 177 F.3d at 1244; *McGhee*, 604 F.2d at 10. Jurisdictional claims, like those presented here, are cognizable in a § 2255 proceeding. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that . . . the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence.").

As petitioner has not demonstrated entitlement to pursue habeas corpus relief under the savings clause, he cannot bring his claims by § 2241. *See McGhee*, 604 F.2d at 10 (holding that a § 2241 petition "is not a substitute for a motion under §

2255. . . ."); *see also Wofford*, at 1245 ("[T]he savings clause does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."); *see also, e.g., Marshall v. United* States, — F. App'x —, 2013 WL 1235549 (11th Cir. Mar. 28, 2013) (affirming district court's dismissal of federal prisoner's § 2241 petition for petitioner's failure to satisfy all three *Wofford* requirements; prisoner's claim that he was innocent of his crime of conviction was not foreclosed at times when he could have asserted it); *Bennett v. Warden, FCI Jesup*, — F. App'x —, 2013 WL 530837 (11th Cir. Feb. 13, 2013) (affirming district court's dismissal of federal prisoner's § 2241 petition because petitioner failed to satisfy all three *Wofford* requirements); *Ramos v. Warden, FCI Jesup*, 502 F. App'x 902, 904 (11th Cir. 2012) (holding that regardless of whether the three-part test articulated in *Wofford* is considered dicta, federal prisoner could not use a § 2241 habeas petition to avoid the procedural restrictions on § 2255 motions when the prisoner could have raised his claim at an earlier stage but failed to do so (*citing Wofford*, 177 F.3d at 1245)); *Santivanez v. Warden, FCC Coleman-USP II*, 416 F. App'x 833 (11th Cir. 2011) (affirming district court's dismissal of § 2241 in which federal prisoner made multiple claims that trial court lacked jurisdiction to convict and sentence him; petitioner failed to satisfy *Wofford* criteria for triggering savings clause); *Gaines v. Warden, FCC Coleman-USP-1*, 380 F. App'x 812, 814 (11th Cir. 2010) (same as to federal prisoner's attempt to use a § 2241 petition to challenge his conviction on the ground that the trial court lacked jurisdiction to convict him because 18 U.S.C. § 3231 was not properly enacted; petitioner failed to satisfy *Wofford* criteria for triggering savings clause).[3]

The Court declines to construe petitioner's § 2241 petition as a § 2255 motion, because that would be futile, providing no relief here. Petitioner received his federal

---

[3] The unpublished opinions are cited only as persuasive authority. *See* 11th Cir. R. 36-2.

sentence in the United States District Court for the Eastern District of Arkansas, and a § 2255 motion must be filed in the "court which imposed the sentence." 28 U.S.C. § 2255(a); *see Medberry v Crosby*, 351 F.3d 1049, 1056-57 (11th Cir. 2003) (explaining that § 2255 alleviated procedural difficulties "by directing prisons to file the motion in the court where they were convicted"); *Owensby v. Clark*, 451 F.2d 206, 207-09 (5th Cir. 1971) (holding that a non-sentencing district court had no jurisdiction to hear a prisoner's habeas petition because the prisoner could have sought relief through a § 2255 motion, which should have been filed in the district court that sentenced him).

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), be DISMISSED WITH PREJUDICE for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under § 2241.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 4th day of June, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).