# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**DARRYL WALKER,**

    **Petitioner,**

v.                                      **CASE NO. 5:13-cv-200-RS-CJK**

**UNITED STATES OF AMERICA, et al.,**

    **Respondents.**

_____/

# ORDER

Before me are the Magistrate Judge's Report and Recommendation (Doc. 4), Petitioner's Objection to Magistrate Involvement & Report and Recommendation (Docs. 6 & 9), and Petitioner's Demand for Jury Trial (Docs. 7 & 8).[1] I have reviewed Petitioner's objections *de novo*. First, Petitioner objects to any involvement in this case by the magistrate judge. Petitioner argues that "[t]he magistrate is NOT cloaked with any Article III power to make this conclusive assessment [that Petitioner is not entitled to habeas relief] regarding an impermissible application of unconstitutional statutes." Doc. 6 at 2. Pursuant to N.D. Fla. Loc. R. 72.2(b), all petitions seeking post-trial relief pursuant to 28 U.S.C § 2241 are assigned to a district judge and referred by the clerk to a magistrate judge for all proceedings. The magistrate judge then files a report and

---

[1] Copies of these documents may have been sent to two separate clerks' offices, or the same clerk's office twice, such that they appear on the docket twice each.

recommendation containing proposed findings of fact and conclusions of law.  The district court judge is free to accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  Thus, the magistrate judge is not deciding Petitioner's right to relief; I review the Report and Recommendation along with Petitioner's objections *de novo*.

Next I note that Petitioner's primary argument in his objections is that the Eastern District of Arkansas lacked jurisdiction over his case because 18 U.S.C. § 3231[2] was not properly enacted.  Every court that has considered the argument that Public Law 80–772, which is the provision that enacted 18 U.S.C. § 3231 establishing jurisdiction of the federal courts, is invalid because it was never voted into law by both Houses of Congress has found the argument to be without merit. *See Turner v. United States*, CRIM. 09-00180-WS-C, 2011 WL 5595939, at *5 (S.D. Ala. Sept. 8, 2011) *report and recommendation adopted*, CRIM. 09-00180-WS-C, 2011 WL 5597283 (S.D. Ala. Nov. 17, 2011) (collecting cases).  Further, Petitioner's argument that this issue requires a jury trial is without merit.

Petitioner further demands that pursuant to 28 U.S.C. § 2243, I order Warden N.C. English to show cause why a writ of habeas corpus should not be

---

[2] "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

granted. However, it is clear from the application that Petitioner is not entitled to habeas relief, so I need not order any responses. 28 U.S.C. § 2243.

**IT IS ORDERED:**

1. The Magistrate Judge's Report and Recommendation is approved and incorporated in this Order.

2. Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is **DISMISSED with prejudice** for lack of jurisdiction, as Petitioner has not demonstrated entitlement to proceed under § 2241.

3. Petitioners Demand for Jury Trial is **DENIED**.

4. The Clerk is directed to close the case.

**ORDERED** on July 18, 2013.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**